UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK M. SMITH,<br><br>            Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY JAIL,<br><br>            Defendant. | Case No. 1:24-cv-00672 JLT EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S IFP STATUS BE REVOKED AND THAT PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>(ECF Nos. 7, 8)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Derek M. Smith is incarcerated at Fresno County Jail and is proceeding *pro se* in this action filed on June 10, 2024. (ECF No. 1). On June 21, 2024, Plaintiff also filed an application to proceed *in forma pauperis* (IFP) in this action (ECF No. 7), which the Court granted on June 24, 2024 (ECF No. 8).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action and because he was not in imminent danger of serious physical injury at the time he filed it, the Court finds that Plaintiff's motion to proceed *in forma pauperis* was improvidently granted, and will recommend that Plaintiff's IFP status be revoked and Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

**I.    IFP STATUS**

"IFP status is not a constitutional right." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed *in forma pauperis* is a

1

privilege not a right."). The grant or refusal of permission to proceed *in forma pauperis* is left to the sound discretion of the district court. *Smart*, 347 F.2d 114, 116 (9th Cir. 1963) (citing *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials. *Smart*, 347 F.2d at 116 (footnote citation omitted); *Shobe v. People of State of California*, 362 F.2d 545, 546 (9th Cir. 1966) (citing *Smart*). An inmate's *in forma pauperis* status may be revoked at any time if the court, either sua sponte or on a motion, determines that the status was improvidently granted. *Spencer v. Milan*, No. 1:20-CV-00682 JLT GSA PC, 2024 WL 201135, at *1 (E.D. Cal. Jan. 17, 2024) (citing *Keeton v. Marshall*, No. CV 17–01213 FMO, 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018); *Owens v. Matthews*, No. CV 16–07755 JFW, 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017)); *Wright v. Rodriguez*, No. 1:23-CV-01586 GSA (PC), 2024 WL 4973213, at *1 (E.D. Cal. Sept. 30, 2024), *report and recommendation adopted,* No. 1:23-CV-01586 JLT GSA (PC), 2024 WL 4892026 (E.D. Cal. Nov. 26, 2024) (sua sponte recommending that plaintiff's IFP status be revoked).

## II.   THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

In addition, the Ninth Circuit has held that failure to file an amended complaint did "not negate the determination already made by the court that the complaint that [plaintiff] had filed . . . failed to state a claim," and therefore, counted as a "strike" under § 1915(g). *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017); *see also id.* at 1143 ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend."). Applying *Harris*, this Court has repeatedly held that voluntary dismissals after a finding that an inmate's complaint fails to state a claim are, in fact, strikes within the meaning of Section 1915(g). *Spencer v. Milan*, No. 1:20-CV-00682-JLT-GSA PC, 2024 WL 639907, at *10 (E.D. Cal. Feb. 16, 2024), *report and recommendation adopted*, 2024 WL 1155848 (E.D. Cal. Mar. 18, 2024); *Spencer v. Valdez*, No. 1:23-CV-00357-JLT-SAB (PC), 2024 WL 3512064, at *1 (E.D. Cal. July 8, 2024), *report and recommendation adopted*, No. 1:23-CV-00357 JLT SAB (PC), 2024 WL 3509622 (E.D. Cal. July 23, 2024). These voluntary dismissals are "effectively dismissals after failures to amend" and they "rang the PLRA bells of frivolous, malicious, or failure to state a claim." *Spencer*, No. 1:20-CV-00682-JLT-GSA PC, 2024 WL 639907, at *10 (citing *Harris*, 863 F.3d at 1142); *see also Wright v. Rodriguez*, No. 1:23-CV-01586 JLT GSA (PC), 2024 WL 4892026, at *2 (E.D. Cal. Nov. 26, 2024) (collecting cases that have held that "a voluntary dismissal after a finding that the plaintiff failed to state a claim qualifies as a strike" because "litigants should not be permitted to thwart the purposes of the PRLA through a voluntary dismissal.").

**III.   ANALYSIS**

    **A.   Strikes**

Plaintiff filed this action on June 10, 2024. (ECF No. 1). The Court takes judicial notice[1] of the following four cases, each of which counts as a "strike": (1) *Smith v. Mimms*, No. 1:22-cv-01638-EPG (E.D. Cal.) (case voluntary dismissed on January 31, 2023, after a finding that the complaint failed to state a claim); (2) *Smith v. Zanoni*, No. 1:23-cv-00961-SAB (E.D. Cal.) (case voluntary dismissed on August 23, 2023, after a finding that the complaint failed to state a claim); (3) *Smith v. Zanoni*, No. 1:23-cv-01003-SAB (E.D. Cal.) (case voluntary dismissed on July 21, 2023, after a finding that the complaint is duplicative);[2] (4) *Smith v. Zanoni*, No. 1:24-cv-00161-

---

[1] "In particular, a court may take judicial notice of its own records in other cases . . . ." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Duplicative action is considered frivolous or malicious under § 1915. *Cato v. United States*, 70

3

SAB (E.D. Cal.) (case voluntary dismissed on April 5, 2024, after a finding that the complaint failed to state a claim).

### B.     Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff's complaint alleges that in October of 2020, he was held in Fresno County Jail, where he was exposed to black mold and dust, rust, insects, and otherwise unhealthy housing conditions. (ECF No. 1 at 2). He alleges that he experienced respiratory problems, dizziness, "congested brain falls," eye irritations, and skin rashes. (*Id.* at 3). In November of 2022, Plaintiff

---

F.3d 1103, 1105 n.2 (9th Cir. 1995).

was told he has diabetes, and he is now aware that all of his symptoms could be due to black mold exposure. (*Id.*)

Such allegations are insufficient to show that there is a real and imminent threat to Plaintiff's personal safety under the standards described above. Moreover, the events at issue in this case occurred in October of 2020, and Plaintiff did not file his complaint until nearly four years later, in June of 2024, without identifying a new or ongoing risk of injury. Therefore, the Court finds that Plaintiff has failed to demonstrate that he was in imminent danger of physical injury when he filed the complaint. *See Driver v. Pohovich*, No. 2:22-CV-1672 DB P, 2023 WL 2394154, at *2 (E.D. Cal. Feb. 1, 2023), *report and recommendation adopted*, 2023 WL 8004324 (E.D. Cal. Nov. 17, 2023) (concluding that Plaintiff did not meet the imminent danger exception where "[t]here [was] nothing in the complaint that would indicate plaintiff was under threat of imminent danger based on the excessive force incidents" alleged in the complaint that purportedly occurred about two months before filing the complaint).

Because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff's IFP status be revoked and Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

## IV. CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, **IT IS RECOMMENDED** that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's *in forma pauperis* status be revoked.
2. Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action.
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 21, 2025**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE